UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JOSEPH CARL CAMPBELL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Cause No. 3:17CV171-PPS |
| vs. | ) | |
| RON NEAL, et al., | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Joseph Carl Campbell, a *pro se* prisoner, filed a complaint against a number of defendants employed by the Indiana State Prison ("ISP"). (DE 1.) Pursuant to 28 U.S.C. § 1915A, I must review prisoner complaints and dismiss any action that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The same standard applies in determining whether a prisoner complaint states a claim as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602–3 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603 (internal quotation marks and citation omitted). Thus, the plaintiff "must do better

1

than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). That said, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### *Claims for Excess Force and Intentional Infliction of Emotional Distress*

Campbell alleges that while he was incarcerated at ISP, Sergeant Nicolas Henry used excessive force in violation of the Eighth Amendment. (DE 1 at 8.) Specifically, he claims that on May 16, 2016, while Campbell was incarcerated at ISP, Henry accused him of stealing an extra food tray. (DE 1 at 3.) Henry allegedly then handcuffed Campbell and escorted him out of the dining hall. (*Id.*) While walking, Campbell commented that Henry smelled of alcohol, which allegedly sent Henry into a rage. (*Id.*) The complaint alleges Henry then grabbed Campbell and, even though Campbell was handcuffed and did not resist, slammed Campbell's face into a fence and into the ground, jumping on Campbell's back while he was on the ground, and violently pushing his knee into Campbell's lower back. (*Id.* at 3–4.) He further alleges that Henry simulated anal sex on Campbell in view of other inmates and stated that he'd teach Campbell to cross him. (*Id.* at 4.) As a result of these actions, Campbell alleges he suffered lacerations on his wrists and severe pain in his neck and lower back. (*Id.* at 7.)

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 312–13 (1986) (quotation marks and citation omitted). Based on Campbell's allegations and giving him the inferences to which he is entitled at this stage, Campbell has alleged enough to state a claim of excessive force against Henry.

Campbell also alleges that Henry's use of excessive force constitutes the state tort of intentional infliction of emotional distress. Campbell alleges Henry used such force on him because Henry was upset that Campbell insulted him. Henry would be immune from this claim if he were engaged in a law enforcement activity at the time he used force. *Miller v. City of Anderson*, 777 N.E.2d 1100, 1104 (Ind. Ct. App. 2002). However, Campbell alleges that Henry used unnecessary force on him for reasons other than enforcing a law. Giving Campbell the inferences to which is entitled, he has alleged enough to proceed further against Henry on this claim.

*Claim for Negligence*

The complaint further alleges that, after the incident with Henry, another sergeant escorted him to a holding cell and eventually he met with Captain Adam

3

Bootz, who asked what happened with Henry. (DE 1 at 4-6.) After speaking with Campbell and Henry, Bootz announced that Campbell would receive a conduct report for stealing food and would be sent to lock up for resisting Henry. (*Id.* at 5.) Bootz then asked "if everyone was ok with no one being written up about this incident." (*Id.* at 6.) Campbell says he "reluctantly agreed because he felt he was in a compromising situation without any help, and felt there could be more physical assaults if he didn't agree[.]" (*Id.* at 6.) Campbell now seeks to assert a state and federal claim against Bootz for not writing up the incident, as required by IDOC policy. (*Id.* at 8-9.) These allegations do not state a federal claim. Even if Bootz violated prison policy by not creating a report, his inaction did not violate Campbell's constitutional rights. *Savory*, 469 F.3d at 670.

But Bootz's failure to follow IDOC policy may state a negligence claim. To prevail on a theory of negligence in Indiana, a plaintiff must show: "(1) the defendant owed the plaintiff a duty to conform his or her conduct to a standard of care arising from a relationship with the plaintiff; (2) the defendant breached that duty; and (3) the defendant's breach of that duty proximately caused an injury to the plaintiff." *West Bend Mut. Insurance Co. v. 1st Choice Insurance Services*, 918 N.E.2d 684, 689-90 (Ind. Ct. App. 2009)(*citing Briesacher v. Specialized Restoration and Constr., Inc.*, 888 N.E.2d 188, 192 (Ind. Ct. App. 2008)). Campbell alleges that Bootz had a duty to report this incident according to IDOC policy, Bootz breached that duty, which caused Campbell to suffer harm. (DE 1 at 9.) Further fact-finding may show that Bootz acted reasonably under the

4

circumstances or that Campbell did not suffer any resulting harm. However, giving Campbell the inferences to which is entitled at this stage, he has alleged enough to proceed further against Bootz on a negligence claim.

*Eighth Amendment Claim for Inadequate Medical Care*

In the complaint, Campbell further alleges that he asked Bootz to loosen the handcuffs because they were cutting off his circulation and causing pain and that he told Bootz he wanted to see medical about pain in his wrists, neck, and lower back. (*Id.* at 5.) He claims that Bootz waited to uncuff him and then, when he finally did, saw blood on Campbell's wrists but didn't send Campbell immediately for medical attention. (*Id.* at 6.) Instead, he told Campbell to have his housing unit officer call medical. (*Id.*) To state a claim for inadequate medical treatment in violation of the Eighth Amendment, the complaint must allege that a defendant was deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is serious if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Id.* at 1373. Although Campbell argues that Bootz should have immediately gotten him medical attention, he has pleaded no facts that suggest he had a medical need that was so obvious that even a

5

layperson would have recognized it. The facts alleged in the complaint do not give rise to an inference that Bootz was deliberately indifferent to a serious medical need.

*Failure to Train and/or Supervise Claim*

Campbell also alleges that Superintendent Ron Neal and Major Jason Nowatzke are liable as Henry's and Bootz's supervisors. (*Id.* at 9.) However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, and these defendants cannot be held liable simply because they oversee operations at the prison or supervise other correctional officers. *See Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009).

Finally, Campbell's claim against Neal and Nowatzke could be construed as a claim for failure to adequately train and/or supervise Henry and Bootz. "An allegation of a 'failure to train' is available only in limited circumstances." *Cornfield v. Consol. High School Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993). Such a claim requires that "the policymakers had acquiesced in a pattern of constitutional violations." *Id*.

Here, the complaint contains no prior instances in which Henry acted in such a manner, and it alleges no facts about why or how the training or supervision Henry was provided was inadequate. Rather, it merely concludes that the training provided was inadequate. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted). For these reasons, Campbell's failure to train claims must be dismissed.

**Conclusion**

Accordingly:

(1) Campbell is **GRANTED** leave to proceed against Henry in his individual capacity for compensatory and punitive damages for using excessive force against him on May 16, 2016, in violation of the Eighth Amendment;

(2) Campbell is **GRANTED** leave to proceed against Henry in his individual capacity for compensatory and punitive damages for the tort of intentional infliction of emotional distress by using excessive force against him on May 16, 2016;

(3) Campbell is **GRANTED** leave to proceed against Bootz in his individual capacity for compensatory and punitive damages for the tort of negligence by not reporting the May 16, 2016, incident as required by IDOC policy;

(4) all other claims are **DISMISSED**, including those against Neal and Nowatzke;

(5) the Clerk of Court and the United States Marshals Service are **DIRECTED** to issue and serve process on Henry and Bootz with a copy of this order and the complaint (DE 1) as required by 28 U.S.C. § 1915(d); and

(6) pursuant to 42 U.S.C. § 1997e(g)(2), Henry and Bootz are **ORDERED** to respond only to the claim for which the plaintiff has been granted leave to proceed in this screening order, as provided for in the Federal Rules of Civil Procedure and Local Rule 10-1(b).

**SO ORDERED.**

ENTERED: July 11, 2017.

                                       <u>s/ Philip P. Simon</u>
                                       JUDGE, UNITED STATES DISTRICT COURT