UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JOSEPH CARL CAMPBELL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Cause No. 3:17CV171-PPS |
| vs. | ) | |
| | ) | |
| RON NEAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Joseph Carl Campbell, a *pro se* prisoner, moves for reconsideration (ECF 10) of the screening order issued pursuant to 28 U.S.C. § 1915A. ECF 6. Specifically, he argues that his Eighth Amendment claim for inadequate medical care against Captain Adam Bootz and failure to train/supervise claim against Superintendent Ron Neal and Major Jason Nowatzke should not have been dismissed.

As outlined in the screening order, I must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). To survive dismissal, a complaint must contain enough factual matter to state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Thus, "a

1

plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Nevertheless, I must bear in mind that "[a] document filed *pro se* is to be liberally construed[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The facts underlying the complaint were fully outlined in the prior order and will not be repeated here, except as is relevant to the present motion. On May 16, 2016, Campbell was an inmate at the Indiana State Prison when Officer Henry accused Campbell of stealing an extra food tray. The two got into an argument and Henry ultimately slammed Campbell down to the ground, causing him pain in his neck and lower back. Immediately following that incident, another officer escorted Campbell to meet with Captain Adam Bootz.

In the complaint, Campbell alleged that he told Bootz he wanted to see medical about pain in his wrists, neck, and lower back. ECF 1 at 5. He complains that Bootz didn't send him immediately for medical attention. *Id.* at 6. Instead, he told Campbell to have his housing unit officer call medical. *Id.* In his motion to reconsider, Campbell makes much of the fact that Bootz did not follow IDOC policy. Though Bootz allegedly violated IDOC policies, violating those polices does not necessarily violate the constitution.

Respectfully, I do not find anything in the complaint or motion to reconsider that changes my conclusion regarding Campbell's claim for inadequate medical care. As I

2

previously explained, under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjecting component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

There is nothing in the complaint (or motion to reconsider) that would suggest Campbell had a serious medical need that was so obvious even a layperson would have recognized it. Similarly, there is nothing in the complaint that would allow me to conclude that Bootz was deliberately indifferent to Campbell's complaints of pain. On the subjective prong, the plaintiff must establish that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). That is not the case here. Bootz directed Campbell to have his housing unit officer call medical, which he promptly did. Campbell does not allege that this caused him any unnecessary delay in receiving medical attention or any additional harm. In fact, the housing unit officer sent Campbell to medical for treatment, where it was determined Campbell had a bruise on his back and a laceration

on his wrist from the handcuffs. Id. The only thing Campbell complains about is that Bootz did not follow IDOC policy in having him medically treated. But, again, a violation of IDOC policy is not the same thing as a violation of the constitution. Based on what I have before me, I do not see any constitutional violation.

Next, Campbell alleged in his complaint that Superintendent Ron Neal and Major Jason Nowatzke should be liable as Henry's supervisors. ECF 1 at 9. In the screening order, I dismissed this claim finding that the complaint contained no prior instances in which Henry acted in such a manner, and it alleged no facts about why or how the training or supervision Henry was provided was inadequate. In his motion to reconsider, Campbell directs me to a number of passages in his 87-paragraph long complaint.

"An allegation of a 'failure to train' is available only in limited circumstances." *Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993). A failure to train claim requires that "the policymakers had acquiesced in a pattern of constitutional violations." *Id*. I have carefully reviewed the selected passages of the complaint Campbell points to in his motion. Although his allegations are somewhat thin, giving the complaint liberal construction and affording him every inference, I conclude that he has stated enough to proceed further against Neal and Nowatzke. Campbell alleges that another sergeant stated that "'[s]ometimes' Sgt. Henry gets a little out of character and has anger problems, but he doesn't mean any harm" ... which could suggest that people - including Neal and Nowatzke - must have known about

4

Henry's past behavioral issues. ECF 1 at 4. Campbell also alleges that the prison "knew or should have known from pervious incidents that one or more of the defendants . . . had a propensity towards violence or overreacting in situations such as that presented . . . on 5-16-16." *Id.* at 11. And, finally, Campbell alleges that Henry was ultimately suspended - maybe a clue that he had been in trouble before. *Id.* at 7. While it is unclear precisely what role Nowatzke and Neal had in training or supervising Henry, or what they must have known about his prior conduct, it is plausible they could be liable for failure to supervise/train him based on their supervisory roles at the prison. Therefore, the screening order will be amended to include the failure to train claim against Neal and Nowatzke.

Accordingly:

(1) the motion to reconsider (ECF 10) is **GRANTED in part**;

(2) Campbell is **GRANTED** leave to proceed against Henry in his individual capacity for compensatory and punitive damages for using excessive force against him on May 16, 2016, in violation of the Eighth Amendment;

(3) Campbell is **GRANTED** leave to proceed against Henry in his individual capacity for compensatory and punitive damages for the tort of intentional infliction of emotional distress by using excessive force against him on May 16, 2016;

(4) Campbell is **GRANTED** leave to proceed against Bootz in his individual capacity for compensatory and punitive damages for the tort of negligence by not reporting the May 16, 2016, incident as required by IDOC policy;

5

(5) Campbell is **GRANTED** leave to proceed against Neal and Nowatzke in their individual capacities for compensatory and punitive damages for failing to supervise/train Henry;

(6) all other claims are **DISMISSED**;

(7) the Clerk of Court and the United States Marshals Service are **DIRECTED** to issue and serve process on Neal and Nowatzke with a copy of this order, the screening order (ECF 6) and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(8) pursuant to 42 U.S.C. § 1997e(g)(2), Neal and Nowatzke are **ORDERED** to respond only to the claim for which the plaintiff has been granted leave to proceed in this screening order, as provided for in the Federal Rules of Civil Procedure and Local Rule 10-1(b).

**SO ORDERED.**

ENTERED: September 8, 2017.

                                                /s/ Philip P. Simon
                                                JUDGE
                                                UNITED STATES DISTRICT COURT